**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Robert KING, also known as
Larry Michael King, also known as
Mike King, Defendant–Appellant.**

No. 01–6399.

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 2002.

Jay Farber, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Michael Robert King, Lompoc, CA, for Defendant–Appellant.

Before KELLY and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT*

BALDOCK, Circuit Judge.

After examining defendant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Michael Robert King, a federal prisoner appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence, and supplemental motions, filed pursuant to 28 U.S.C. § 2255.[1] *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from the denial of a § 2255 motion without a COA). Because King has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his requests and dismisses the appeal. *Id.* § 2253(c)(2).

### I.

In 1997, King pled guilty to a two-count information charging him with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and with money laundering in violation of 18 U.S.C. § 1956. In his petition to enter a guilty plea, which he completed with assistance of appointed counsel, King signed and verified his understanding that the maximum statutory punishment for his charged offenses was imprisonment for life. The plea agreement, also signed by King and his attorney, listed the maximum statutory penalties for both counts, and specifically noted that King had been advised that the government made no promises and would make no recommendations to the court regarding his actual sentence, and that the matter of sentencing was entirely within the discretion of the court. For King's cooperation and assistance, the government agreed to refrain from prose-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. King has two requests for a COA before this court. King's retained counsel for post-conviction matters filed the first request on November 19, 2001. Counsel was then allowed to withdraw. King, proceeding pro se, submitted a second request for a COA on February 4, 2002, and his opening brief on February 13, 2002. The court docketed the second request as received, but not filed. For purposes of this appeal, the court has considered both requests in their entirety, giving King the benefits of liberal construction afforded all pro se appellants. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

cuting him for other violations arising from the investigation into the alleged conspiracy. The government verified that no information provided as a result of King's cooperation and assistance would be used against him at sentencing.

King's presentence investigation report (PSI report) recommended a sentencing level based on 60 pounds of methamphetamine that he admitted distributing and 393.1 actual grams of methamphetamine purchased from an alleged co-conspirator. The PSI report recommended a base offense level of 42 and a criminal history category of II. Under the sentencing guidelines, these classifications resulted in a sentencing range of 360 months to life in prison.

King retained new counsel for his consolidated plea and sentencing hearing. At that hearing, King answered numerous questions demonstrating his knowledge of the terms of the plea agreement, the voluntariness of his plea, and his satisfaction with his counsel's performance. King assured the court that he and his attorney had an opportunity to read and review the PSI report, at which time King's counsel argued for a three-level downward departure based on King's acceptance of responsibility, and for King to be sentenced at the lowest end of the guideline range. The court granted the departure, changing King's guideline range to 292 months to 365 months. The court then sentenced King to 300 months for the conspiracy and 240 months for money laundering, to be served concurrently. King did not appeal.

## II.

King filed his § 2255 motion alleging that his plea was unknowing and involuntary and that his counsel was ineffective in eight instances. King then filed a motion to conduct discovery, and later filed motions: (1) to supplement his § 2255 motion; (2) for an evidentiary hearing; and (3) for a ruling on his discovery motion. The district court denied his § 2255 application and all outstanding motions in two orders filed October 31, 2001. The district court held that King failed to carry his burden of showing that his counsel was ineffective according to the Supreme Court's two-part test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and this court's application of *Strickland* in the context of a guilty plea, *see United States v. Kramer,* 168 F.3d 1196, 1200–01 (10th Cir.1999). The court found no merit to any of King's bases for arguing that his plea was unknowing and involuntary. Because he was not able to demonstrate relief on the merits of his claims, the court denied his motions for discovery and for an evidentiary hearing. His motion for a further ruling on his motion for discovery was accordingly denied as moot.

## III.

As noted above, to obtain a COA King must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be made if King demonstrates that the issues are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court rejects the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484, 120 S.Ct. 1595. When the court denies a § 2255 claim on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* After careful review of the record, we agree with the district court's analyses and conclude that its assessment of King's claims is neither debatable nor wrong. Therefore, we deny King's requests for a COA on his claims concerning ineffective assistance of counsel, an unknowing and involuntary plea, discovery, and an evidentiary hearing for substantially the same reasons set forth in the court's October 31, 2001 orders.

## IV.

The district court also denied King's motion to supplement his § 2255 motion to raise a claim based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In his requests for a COA, King argues that the ruling in *Apprendi* should be applied retroactively to his case. At the time of the district court's orders, this circuit had not considered the issue. After some discussion, the district court held that if this circuit were to consider it, we would conclude that the rule announced in *Apprendi* does not meet the second exception in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Pursuant to *Teague,* unless a new rule of constitutional law falls within one of two narrow exceptions, it does not apply retroactively on collateral review to cases that became final before the rule was announced. *See id.* at 310, 109 S.Ct. 1060. Since then, this circuit has considered the issue and has held as the district court predicted. *See United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir.) (holding that *Apprendi* is not retroactively applicable to initial § 2255 motions and initial habeas petitions), *cert. denied,* — U.S. —, 123 S.Ct. 388, — L.Ed.2d — (2002); *see also United States v. Wiseman,* 297 F.3d 975, 978 (10th Cir.2002) (same). Therefore, any arguable claim King may have under *Apprendi* is foreclosed by circuit precedent.

King's requests for a COA are DENIED. The appeal is DISMISSED.