FILED
United States Court of Appeals
Tenth Circuit

December 3, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THOMAS J. LOWERY,

     Plaintiff - Appellant,

v.

STATE OF UTAH; STATE OF UTAH
THIRD JUDICIAL DISTRICT COURT;
ANTHONY B. QUINN, in his official
capacity as Utah Third District Court
Judge,

     Defendants - Appellees.

No. 07-4028
(D. Utah)
(D.C. No. 06-CV-372-K)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Thomas J. Lowery, proceeding pro se and in forma pauperis,

appeals the district court's dismissal of his state and federal claims against Utah District

Judge Anthony B. Quinn, the Third District Court of Utah, and the State of Utah (collectively

---

[*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

"Defendants"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm for substantially the same reasons stated by the district court.

## I. BACKGROUND

After the district court granted Mr. Lowery in forma pauperis (IFP) status, Mr. Lowery filed a federal complaint against Defendants alleging that the proceedings regarding his state-court lawsuit, including its dismissal, were discriminatory, violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and denied him access to the courts. After Defendants filed a motion to dismiss, Mr. Lowery filed several motions, including a request to amend his complaint, and Defendants filed a reply. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a Report and Recommendation ("R&R"). In the R&R, the magistrate judge recommended that Mr. Lowery's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that his motion for leave to amend be denied.

Mr. Lowery filed an objection and an amended objection. Defendants responded, and Mr. Lowery replied. Following consideration of the parties' papers, the district court adopted the R&R, dismissed the case with prejudice, and entered judgment for Defendants. Mr. Lowery filed an objection to the adoption of the R&R and additional motions; the district court overruled his objection but granted him additional time to file his appeal. Mr. Lowery then filed this appeal, raising the same arguments previously rejected by the district court.[1]

---

[1] Mr. Lowery submitted an untimely reply brief which was docketed as received, but not filed. For purposes of this appeal, we have considered the brief in its entirety, giving Mr. Lowery the solicitous construction afforded to pro se filings. *United*

## II. DISCUSSION

### A.     Dismissal of Complaint

#### 1.     28 U.S.C. § 1915(e)(2)(B)(i)

Pursuant to § 1915(e)(2)(B)(i), a court is required to dismiss an IFP action if it determines that the action is "frivolous or malicious." Dismissal under this provision is reviewed for abuse of discretion. *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). An IFP claim is frivolous under the statute if it is "based on an indisputably meritless legal theory" or if the "factual contentions are clearly baseless." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). An example of the former type of claim is one against a defendant who is clearly immune from suit. *Id.*

In his complaint, Mr. Lowery asserts that Judge Quinn committed unlawful misdeeds while presiding over his state-court lawsuit – namely, failing to grant his request for oral argument and dismissing his case. Judge Quinn, however, is entitled to absolute judicial immunity from suit for performance of judicial acts, i.e., functions normally performed by a presiding judge. *See Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Allegations of bad faith or malice do not defeat Judge Quinn's immunity; "[o]nly accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006).

_____

*States v. King*, 49 F. App'x 831, 832 n.1 (10th Cir. 2002); *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Even construing the allegations of Mr. Lowery's complaint liberally, *see Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007), Mr. Lowery's claims are lodged against Judge Quinn for actions taken exclusively in his judicial capacity. The district court therefore properly dismissed Mr. Lowery's complaint as frivolous under § 1915(e)(2)(B)(i).[2]

**2. 28 U.S.C. § 1915(e)(2)(B)(ii)**

Section 1915(e)(2)(B)(ii) requires a court to dismiss an IFP action if it "fails to state a claim on which relief may be granted." Again construing a pro se appellant's complaint liberally, we review a district court's dismissal under § 1915(e)(2)(B)(ii) de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe these allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* at 1217 (citation and internal quotation marks omitted).

---

[2] We recognize that language in Mr. Lowery's appellate papers could be read as conceding that Judge Quinn is protected by absolute judicial immunity. However, affording Mr. Lowery's papers a solicitous construction and in an abundance of caution, we have reviewed the district court's judicial immunity ruling. Furthermore, we acknowledge Mr. Lowery's suggestion that his action against Judge Quinn is viable because Judge Quinn is a "public entity" within the meaning of the ADA. *See generally* 42 U.S.C. § 12132 (proscribing discrimination against a "qualified individual with a disability" by a "public entity"). Mr. Lowery refers us to no legal authority that supports his reading of the term "public entity" and we find it to be unpersuasive as a vehicle to pursue his action against Judge Quinn.

Although the district court found that all of Mr. Lowery's claims were frivolous under § 1915(e)(2)(B)(i) and did not specifically cite § 1915(e)(2)(B)(ii), it did note that Mr. Lowery's complaint fails to allege "actions taken by anyone other than Judge Quinn that would form a basis for any of his claims."  R., Vol. II, Doc. 16, at 3 (R&R, dated Oct. 6, 2006).  Because Mr. Lowery pleaded no facts that state a claim directed toward the State of Utah or the Third District Court, and he cannot circumvent the doctrine of judicial immunity by naming nonjudicial parties for alleged violations committed "through the actions of defendant Quinn," dismissal was proper under § 1915(e)(2)(B)(ii) as well.[3]  *See* R., Vol. II, Doc. 16, at 3-4; R., Vol. II, Doc. 3, ¶¶ 47, 59 (Compl., filed May 8, 2006).

**B.      Denial of Motion to Amend**

The district court additionally denied Mr. Lowery's motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a), finding that his proposed amendment would not affect the determination to dismiss under § 1915(e).  We agree that Mr. Lowery's amended complaint would still be subject to dismissal, and thus amendment would be futile.  Thus, the district court's denial of the motion was proper and not an abuse of its discretion.  *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

---

[3]      Mr. Lowery vigorously disputes the conclusion that his complaint does not seek to impose liability on the State of Utah and the Third District Court for separate and discrete wrongful acts.  However, we have carefully reviewed his complaint averments and Mr. Lowery's position is patently untenable.

## III. CONCLUSION

Accordingly, the district court's order is **AFFIRMED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge