FILED
United States Court of Appeals
Tenth Circuit

February 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

CHRISTOPHER DALE MASTERS,

   Defendant - Appellant.

No. 08-7036
(D.C. Nos. 6:07-CV-00366-RAW and
6:04-CR-00104-RAW-1)
(E.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant Christopher Dale Masters seeks a certificate of appealability (COA) that

would allow him to appeal from the district court's dismissal of his motion under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] *See* 28 U.S.C. §

2253(c)(1)(B). Affording solicitous consideration to Mr. Masters's pro se filings, *see Van*

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

[1] Because the district court did not address the issuance of a COA, its failure to issue a COA was deemed a denial pursuant to Fed. R. App. P. 22(b)(1) and 10th Cir. R. 22.1(C).

*Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we conclude that Mr. Masters has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). We accordingly deny his request for a COA and dismiss his appeal.

## I. BACKGROUND

Mr. Masters entered a conditional guilty plea to one count of maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine in violation of 21 U.S.C. § 856(a)(1). This Court denied his appeal of the denial of his suppression motion—the suppression issue having been expressly reserved for appeal in his plea agreement. *See generally United States v. Masters*, 172 F. App'x 230 (10th Cir. 2006). Mr. Masters then filed a 28 U.S.C. § 2255 motion in district court to vacate, set aside, or correct his sentence. The government filed a motion to enforce the plea agreement it had entered into with Mr. Masters, arguing that under the terms of the plea agreement Mr. Masters had waived his right to collaterally attack his conviction and sentence. Although Mr. Masters did not respond to the government's motion, the district court considered whether Mr. Masters had met his burden of showing that the plea agreement should not be enforced.

In concluding that Mr. Masters had not met this burden, the district court found that (1) Mr. Masters's claims fell within the scope of the plea agreement waiver; (2) Mr. Masters's waiver of his right to collaterally attack his sentence was knowing and voluntary; and (3) enforcement of the plea agreement waiver would not result in a

miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The district court therefore granted the government's motion and dismissed Mr. Masters's § 2255 motion. Mr. Masters now seeks to appeal.

## II. STANDARD OF REVIEW

To make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), Mr. Masters must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## III. DISCUSSION

Generally, a waiver of collateral attack rights under § 2255 is enforceable when "the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Having thoroughly reviewed Mr. Masters's application, both parties' briefs,[2] and the entire record before us, we agree with the district court that

---

[2] Mr. Masters submitted an untimely reply brief which was docketed as received, but not filed. For purposes of this appeal, we have considered the brief in its entirety, giving Mr. Masters the benefit of the liberal construction afforded to pro se filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *cf. United States v. King*, 49 F. App'x 831, 832 n.1 (10th Cir. 2002).

Mr. Masters's § 2255 motion is properly precluded by enforcement of the plea agreement waiver because his claims fall within the scope of the plea agreement waiver, the waiver of his right to collaterally attack his conviction and sentence was knowing and voluntary, and enforcement of the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325-29.

Generally, regarding the scope of the waiver, any rights that are not expressly reserved in the plea agreement are waived. *United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008). We narrowly construe the waiver in favor of Mr. Masters, but we also will hold him to its lawful terms. *Hahn*, 359 F.3d at 1325, 1328. Mr. Masters makes much of the fact that the precise statute "28 U.S.C. § 2255" was not included in the text of the waiver or specifically mentioned at the colloquy. However, by signing the plea agreement, Mr. Masters expressly and specifically waived "any appeal rights conferred by [18 U.S.C. § 3742]," other than appealing the denial of motion to suppress, "*any* post[]conviction proceedings, and any habeas corpus proceedings." Aplee. Br. Attach. B, at 11 (Plea Agreement, dated Dec. 3, 2004) (emphasis added).

In *Cockerham*, we held that identical "broad language," combined with the Fed. R. Crim. P. 11 colloquy, waived the defendant's right to bring a § 2255 collateral attack on his sentence and conviction, although there was no indication from the opinion that § 2255 was specifically mentioned in the text of the plea agreement waiver. *See Cockerham*, 237 F.3d at 1189-90. Further, Mr. Masters "knowingly waive[d] the right to appeal the sentence and agree[d] not to contest such sentence in *any* post[]conviction

-4-

proceeding." Aplee. Br. Attach. B, at 11 (emphasis added). Thus, Mr. Masters's right to raise a collateral challenge falls within the scope of the rights waived by virtue of the plea agreement.

Liberally construed, the ineffective assistance of counsel arguments Mr. Masters set forth in his § 2255 motion assert that due to his counsel's deficient performance, he did not knowingly and voluntarily enter into his plea agreement. Mr. Masters attempts to extend this argument in his application for COA and argues that his plea was not knowing in relation to the waiver. In determining whether Mr. Masters knowingly and voluntarily waived his rights, we primarily examine two factors.

First, we look at "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." *Hahn*, 359 F.3d at 1325. Here, the plea agreement required Mr. Masters to sign and acknowledge that he "expressly" and "knowingly" waived his appellate and postconviction rights. Mr. Masters acknowledged via his signature that he had carefully reviewed the plea agreement with his attorney, fully understood it, and "voluntarily agree[d] to it without reservation." Aplee. Br. Attach. B, at 15.

Second, we examine whether an adequate Fed. R. Crim. P. 11 colloquy took place. *Hahn*, 359 F.3d at 1325. The transcript of the change-of-plea hearing leaves no room for doubt that Mr. Masters entered into his plea agreement knowingly and voluntarily. Specifically, the transcript reveals that after Mr. Masters informed the district court of his mental and physical condition, the court, the government, Mr. Masters's attorney, and Mr.

Masters himself all agreed that Mr. Masters was competent to enter his guilty plea. Further, when the government accurately summarized the terms of the plea agreement to the district court, both Mr. Masters and his attorney stated that the summary reflected their understanding of the agreement. Mr. Masters responded affirmatively when the district court specifically asked him whether he understood that he was giving up his postconviction rights regarding his sentence. Mr. Masters's original attorney signed her acknowledgment that the plea agreement set forth the entire agreement between the government and her client. At sentencing, Mr. Masters's replacement counsel also acknowledged the contents of the agreement and did not object to the waiver or to the nature of Mr. Masters's entry into the agreement. Thus, the plea agreement and the Fed. R. Crim. P. 11 colloquy, along with other in-court discussion, demonstrate that Mr. Masters entered into his plea and waiver knowingly and voluntarily. *See Cockerham*, 237 F.3d at 1188-89.

Further, even a knowing and voluntary waiver of a right that falls within the scope of the plea agreement waiver is subject to certain exceptions, the existence of which would render enforcement a "miscarriage of justice." These exceptions are found:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

*Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). A waiver is "otherwise unlawful" if subject to an error that "'seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings.'" *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

While the § 2255 motion filed by Mr. Masters in district court raised four allegations of ineffective assistance of counsel, none of these fell within the second exception, as none of them touched upon the validity of the plea agreement or the waiver. *Cockerham*, 237 F.3d at 1187 ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."). In his fourth ground of ineffectiveness, Mr. Masters did allege that his counsel was "overall" ineffective, but his supporting facts did not speak to counsel's conduct relative to his plea agreement or his collateral attack waiver. R., Vol. I, Doc. 1, at 6 (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed Nov. 1, 2007).[3]

Therefore, to the extent that Mr. Masters now attempts to argue as grounds for a COA that his counsel was ineffective with regard to the plea agreement—such that the ineffective assistance claim would not be waived—he did not make this argument to the district court. More specifically, Mr. Masters's attempt in his application for a COA to

---

[3]     As supporting facts, Mr. Masters averred:

My attorney's personal tragedy and sickness inhibited the assistance she provided causing indeterminate prejudice to my defense. I finally received alternative representation but most of the damage had already occurred.

R., Vol. I, Doc. 1, at 6 (all-capitals typeface omitted).

recast his "overall" ineffectiveness argument as related to the validity of the plea agreement waiver is not convincing, as his "vague, arguable reference[]" to that point in district court was not sufficient to preserve the issue for appellate review. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721-22 (10th Cir. 1993). Because we generally will not consider issues raised on appeal that were not presented to the district court, *id.* at 720-21, Mr. Masters's presentation of this argument at this juncture is unavailing.

Moreover, even assuming *arguendo* that Mr. Masters's claim in his § 2255 motion—that his counsel was ineffective "overall"—could equate to his having presented to the district court a claim that challenged the validity of the plea or the waiver, he has not set forth facts that arguably would demonstrate that the claimed ineffectiveness of his counsel rendered the waiver invalid. For the first time in his reply brief on appeal, Mr. Masters circuitously asserts that his counsel's ineffectiveness, which resulted in the denial of the motion to suppress, "establishe[d] a direct connection to the negotiation of the waiver" because "[t]he waiver would not have been necessary had counsel effectively presented the suppression motion." Aplt. Reply Br. at 4. However, this assertion does not reach the requisite level of connection to the plea agreement, i.e., it is not a collateral attack that sufficiently "pertains to the validity of the plea." *Cockerham*, 237 F.3d at 1187.

Also not persuasive is Mr. Masters's novel, converse argument that by alleging ineffective assistance of counsel regarding his plea agreement waiver he is essentially appealing the denial of the motion to suppress—the one ground that was specifically

exempted by the plea agreement waiver. As noted above, this Court already has rejected Mr. Masters's appeal of the denial of his motion to suppress and Mr. Masters is only deemed by law to have reserved those suppression theories asserted in that motion. *See Ochoa-Colchado*, 521 F.3d at 1299 ("A reservation of the right to appeal a specific pretrial ruling by the district court extends only to theories raised in the challenged ruling.").

For an ineffective assistance of counsel claim to fall within this exception, it must bear more than a tangential relationship to the plea agreement waiver. To withstand enforcement, the claim must specifically "challenge counsel's representation in negotiating or entering the plea or the waiver." *Cockerham*, 237 F.3d at 1187. Mr. Masters's assertions of ineffective assistance regarding other aspects of the criminal proceedings against him do not amount to such a claim.

Finally, we discern no other basis to find a miscarriage of justice. There is nothing in the record to suggest that his claims are subject to the other exceptions to the waiver: the district court did not rely on an impermissible factor such as race, the sentence does not exceed the statutory maximum, and the waiver is not otherwise unlawful. *See Hahn*, 259 F.3d at 1327. Thus, enforcement of the plea agreement waiver to bar Mr. Masters's § 2255 motion will not result in a miscarriage of justice.

## IV. CONCLUSION

As outlined herein, we agree with the district court that Mr. Masters's § 2255 motion is properly precluded by the waiver in his plea agreement. No reasonable jurist

could debate the propriety of the district court's ruling on this issue.  We accordingly

**DENY** Mr. Masters's request for a COA and **DISMISS** his appeal.


Entered for the Court


Jerome A. Holmes
Circuit Judge