**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS J. LOWERY,

      Plaintiff - Appellant,

v.

STATE OF UTAH; THIRD DISTRICT
COURT, Utah; ANTHONY B. QUINN, in
his official capacity as a Utah Third District
Court Judge; COUNTY OF SALT LAKE;
SALT LAKE COUNTY SHERIFF'S
OFFICE; SALT LAKE METRO JAIL,

      Defendants - Appellees.

No. 09-4048

(D. Utah)

(D.C. No. 08-CV-00070-DAK)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

In 2004, pro se appellant Thomas Lowery initiated a civil action in Utah state court. Southern Virginia University, a defendant in the state suit, filed a motion to dismiss which was granted by Judge Anthony Quinn at a hearing in July 2004. A second defendant, Brigham Young University, also filed a motion to dismiss. A hearing on that motion was held in Judge Quinn's courtroom on November 22, 2004. During the November hearing, Lowery became agitated during his oral presentation. Court bailiffs eventually wrestled him to the ground and shocked him with a stun gun.

Lowery subsequently filed a federal action against Judge Quinn, Utah Third District Court, and the State of Utah, raising claims related to the July 2004 hearing. The suit was dismissed and this court affirmed the dismissal on appeal. *Lowery v. Utah*, No. 07-4028, 2008 WL 5077721 (10th Cir. Dec. 3, 2008). While that appeal was pending, Lowery filed the instant federal action against Defendants, asserting constitutional claims arising from the November 22, 2004, hearing. The district court dismissed Lowery's suit, concluding it was barred by the doctrine of claim preclusion. *See Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) ("Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." (quotation omitted)).

A dismissal on res judicata grounds is reviewed de novo. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). After reviewing the record, the parties' appellate briefs, and the applicable law, we fully agree with the district court's disposition of Lowery's suit. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we, therefore, **affirm** the judgment of the district court dismissing the case.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge