FILED
United States Court of Appeals
Tenth Circuit

March 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE L. ANDREWS,

Defendant - Appellant.

No. 12-3001

(D. Kansas)

(D.C. Nos. 6:11-CV-01030-MLB and
6:07-CR-10221-MLB-2)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Tyrone Andrews, a federal prisoner proceeding *pro se*, seeks a certificate of

appealability ("COA"), pursuant to 28 U.S.C. § 2253(c)(1)(B), permitting him to

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1

appeal the dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside or correct

his sentence. We may issue a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right." Id. § 2255(c)(2). For the reasons

stated below, we deny a COA and dismiss this matter.

**I.**

**A.**

Mr. Andrews pled guilty to 86 counts of drug trafficking and related

offenses and was sentenced to twenty years in prison. In his written plea

agreement, Mr. Andrews waived his rights to appeal or file a collateral attack on

his conviction or sentence under § 2255.

The waiver provides as follows:

11.    Waiver of Appeal and Collateral Attack.

> The defendant knowingly and voluntarily waives any right to
> appeal or collaterally attack any matter in connection with this
> prosecution, the defendant's conviction, or the components of the
> sentence to be imposed herein including the length and conditions of
> supervised release. . . . By entering into this agreement, the
> defendant knowingly waives any right to appeal a sentence imposed
> which is within the guideline range determined appropriate by the
> court. The defendant also waives any right to challenge a sentence
> or otherwise attempt to modify or change his sentence or manner in
> which it was determined in any collateral attack, including, but not
> limited to, a motion brought under Title 28, United States Code
> Section 2255 [except as limited by United States v. Cockerham, 237
> F.3d 1179, 1187 (10th Cir. 2001)]. . . . In other words, the defendant
> waives the right to appeal the sentence imposed in this case except to
> the extent, if any, the court departs upward from the applicable

sentencing guideline range determined by the court. . . . Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement at ¶ 11, R. Vol. 1 at 21.

The district court ensured that Mr. Andrews understood the implications

and consequences of that waiver:

> THE COURT: Paragraph 9 says that if I accept the plea agreement but ultimately impose a sentence that you don't like, you can't withdraw your plea. And I think that's important because I cannot tell you today what sentence I'm going to impose; but if I accept your plea here today, you can't come back later and say I don't think I ought to have a sentence that high and I want a trial. You can't do that. The other very important paragraph, to me, anyway, is Paragraph 11. Have you been in a penitentiary before, Mr. Andrews?
>
> DEFENDANT MR. ANDREWS: No, sir.
>
> THE COURT: When people go to a penitentiary to serve a sentence, frequently they get buyer's remorse and decide that they either want to appeal or they want to what's called collaterally attack their sentence. An appeal, obviously, is an appeal to the next higher court, the Court of Appeals out in Denver. A collateral attack is different. A collateral attack is not an appeal. [In] [a] collateral attack, . . . under 28 U.S.C. Section 2255 . . . the case comes back to me. The Defendant who is now a prisoner files a so-called 2255 motion and the basic purpose is to ask me to reopen the case. There's all kinds of different grounds that are alleged. But the bottom line is that for some reason or another the defendant wants me to take the case back and start it over again. And in Paragraph 11 you are giving up your right to both appeal and file a collateral attack, with one exception, and that is this exception noted in the case of United States against Cockerham. And I will tell you the reason I think this is an important paragraph is because frequently defendants, when they plead guilty, they say they understand, they tell me that they understand what they're doing in this paragraph,

which is giving up your right to appeal and giving up your right to file a collateral attack, and they do it anyway.  And frequently they do it without a lawyer, particularly the 2255.  And the Government comes back and cites this paragraph in the plea agreement and the Court of Appeals in Denver is almost universally now enforcing this paragraph against the defendant and it's very important you understand it.  Do you have any questions about what Paragraph 11 means?

DEFENDANT MR. ANDREWS:  No, sir.

Tr. of Plea of Guilty at 17-19, R. Vol. at 311-14.

Despite his explicit waiver, Mr. Andrews filed a direct appeal.  We dismissed the appeal based upon the waiver, applying the factors set forth in United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc).  Hahn provides:

We will enforce a criminal defendant's waiver of his right to appeal [or file a collateral attack] so long as the following three conditions are met:  (1) the disputed appeal [or collateral attack] falls within the scope of the waiver of appellate [or collateral] rights, (2) the defendant's waiver of his appellate [or collateral] rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice.[1]

Id. at 1325.

Mr. Andrews' waiver excepted the limitation contained in Cockerham, 237 F.3d 1179.  There we held that the miscarriage of justice factor provides, in part,

_____

[1]The miscarriage of justice factor includes the following: [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

Id. at 1327 (quoting United States v. Olano, 507 U.S. 725, 732, (1993)).

that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. at 1187.

**B.**

Relying largely on the ineffective assistance of counsel exception, Mr. Andrews has now filed the instant § 2255 motion. In his motion, Mr. Andrews does not dispute his factual guilt. That is, he does not argue that he is actually innocent of the charged crimes. Rather, he seeks refuge in claimed procedural irregularities. The motion raises a multitude of conclusory and unsupported claims under the rubric of ineffective assistance of counsel (generously so construed).

In his COA brief to this court, Mr. Andrews reduces his claims to five: (1) his counsel failed to investigate and challenge the composition and regularity of the grand jury, including its voting record; (2) it was error for the district court to permit the government to file second and third superseding indictments; (3) his counsel "conspired with the government and district court to violate the controlling precedents on suppression of illegal vehicle stop, including it led to a two-level increase for possession of a weapon during a drug offense"; (4) "the

-5-

sneak and peek of the Patriots [sic] Act was suppressed, so should all the evidence behind it. Do [sic] to the fruits of the poisonous tree"; and (5) his attorney failed to advise him properly of the prejudice "sustained by the acts of the prosecution and judge in the open-ended continuance (two superseding indictments) which clearly violated [his] rights contained within the Speedy Trial Act." Appellant's Combined Opening Br. and Application for a COA at 3-5.

The district court, in an abundance of caution, addressed the ineffective assistance claims, including those set forth above, both as regards to waiver and also on the merits. It found the majority of the claims barred by waiver, and the remaining claims wholly lacking in merit. Accordingly, the district court denied Mr. Andrews' § 2255 motion.

## II.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For those claims the district court denies on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a COA on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition

-6-

states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

In response to the government's motion to enforce Mr. Andrews' waiver of his right to bring a collateral attack under § 2255, the district court thoroughly considered the Hahn factors. It found (1) that the § 2255 motion falls within the scope of the waiver, unaffected by the last sentence of the waiver referring to subsequent ineffectiveness claims; and (2) that the waiver was knowing and voluntary. Those two findings are uncontested in Mr. Andrews' application for a COA, and it is unnecessary to pursue them further.[2]

Then, turning to the ineffective assistance of counsel exception referred to in Cockerham, the district court observed that none of the claims made qualified under the plea agreement exception. We agree with the district court.

Mr. Andrews' claims in his COA application fall short of calling the validity of the plea agreement into question. In essence, he argues that if his counsel had not lost Fourth Amendment violation motions that were filed, or the Speedy Trial Act motion, or had looked into the regularity of the grand jury proceedings which might (or might not) have provided some sort of claim, or if

---

[2]We liberally construe the filings of pro se appellants, see Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003), but there are limits to our solicitude. We are "not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir. 1995) (quotations omitted).

counsel <u>might</u> otherwise have successfully mounted some other procedural challenge, then he might not have been willing to plead guilty—or felt constrained to do so.

Claims at that level of generality do not qualify as a direct attack pertaining to the validity of the plea. As another panel of this court cogently explained in a similar situation:

> For an ineffective assistance of counsel claim to fall within this exception, it must bear more than a tangential relationship to the plea agreement waiver. To withstand enforcement, the claim must specifically "challenge counsel's representation in negotiating or entering the plea or the waiver." <u>Cockerham</u>, 237 F.3d at 1187. [Mr. Andrews'] assertions of ineffective assistance regarding other aspects of the criminal proceedings against him do not amount to such a claim.

<u>United States v. Masters</u>, 317 Fed. Appx. 750, 755, 2009 WL 389713 (10th Cir. 2009). We endorse and apply that reasoning here.

Mr. Andrews also makes vague and unsupported assertions about prosecutorial and judicial misconduct and a conspiracy between all counsel and the court. Those assertions are frivolous. We discern no other basis to find a miscarriage of justice as defined in the third <u>Hahn</u> exception. There is no cognizable claim of race despite general allusions to the subject. The sentence does not exceed the statutory maximum. And the waiver is not otherwise unlawful. <u>See</u> <u>Hahn</u>, 359 F.3d at 1327.

For substantially the reasons set forth in the district court's Memorandum and Order dated November 28, 2011, we conclude that Mr. Andrews' § 2255 motion is properly precluded by the waiver in his plea agreement. No reasonable jurist could debate the propriety of the district court's ruling on this issue.

## III.

We accordingly DENY Mr. Andrews' request for a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge