**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRONE L. ANDREWS,

    Defendant - Appellant.

No. 17-3175
(D.C. Nos. 6:17-CV-01169-JTM &
6:07-CR-10221-JTM-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

Tyrone L. Andrews filed a motion in the district court, purportedly under Federal

Rule of Civil Procedure 60(b).  The district court construed the motion as an

unauthorized second or successive motion to vacate his sentence under 28 U.S.C. § 2255

and dismissed it for lack of jurisdiction.  Proceeding pro se, Andrews seeks to appeal the

district court's ruling.  We deny a certificate of appealability (COA) and dismiss this

proceeding.

**Background**

In 2010, Andrews pleaded guilty to 86 counts of drug trafficking and related

offenses and was sentenced to 20 years in prison.  His plea agreement included a waiver

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his rights to appeal and to collaterally attack his conviction or sentence. Even so, he filed a direct appeal, which was dismissed on waiver grounds. He also moved to vacate his sentence under § 2255; however, the district court denied his motion, and this court denied a COA when Andrews sought to appeal the district court's ruling. *See United States v. Andrews*, 471 F. App'x 824, 829 (10th Cir. 2012). This court later denied a motion for authorization to file a second or successive § 2255 motion as well.

Seven years after his guilty plea, Andrews filed a "motion to void the criminal judgment" against him under Rule 60(b)(4). He challenged the district court's jurisdiction over him, alleging that 18 U.S.C. § 3231 (which confers original jurisdiction on district courts) is void. In addition, he asked the district court to vacate his conviction and sentence on the grounds that (1) he received ineffective assistance of counsel during the plea bargaining process and at sentencing and (2) the prosecutor and judge engaged in misconduct. Looking at the relief sought, the district court construed the Rule 60(b) motion as a § 2255 motion and held that it was second or successive and not authorized by this court. It then dismissed the motion for lack of jurisdiction.

## Discussion

Andrews must obtain a COA before he can appeal the dismissal of an unauthorized successive § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). This requires "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). We liberally construe his pro se application for a COA, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), but we do not assume the role of advocate, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

Because the district court's ruling rested on procedural grounds, not on the merits, Andrews must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). We need only consider the second part of this standard to conclude Andrews has not met this burden.

Rule 60(b) cannot be used to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). "[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted). By contrast, "[a] § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Regardless of how a movant characterizes a post-judgment motion, it is treated as a § 2255 motion if it "asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted).

3

Here, Andrews "move[d] to vacate both his conviction and sentence on the grounds the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence and that this was a direct result of the denial of Sixth Amendment rights to effective assistance of counsel, during the pre-trial plea process, and at sentencing." R., Vol. IV at 106. Given the substance of this request, reasonable jurists could not debate that the district court properly construed the motion as an unauthorized successive § 2255 motion. Andrews did not challenge a procedural ruling of the habeas court that precluded a merits review of a habeas application, nor did he challenge a defect in the integrity of his habeas proceeding.

## Conclusion

Because reasonable jurists could not debate the correctness of the district court's procedural ruling, and because Andrews has not presented any argument challenging the court's further determination that his § 2255 motion was second or successive and unauthorized, we deny Andrews' application for a COA and dismiss the proceeding. We grant Andrews' motion to proceed on appeal without prepayment of costs or fees, but remind him of his obligation to make partial payments until the filing fee has been paid in full. Because 28 U.S.C. § 1915(a)(1) allows us to excuse only *prepayment* of fees, he remains obligated to pay all filing and docketing fees to the clerk of the district court.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4